IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DARRELL JOHNSON,<br><br>    Plaintiff,<br><br>   v.<br><br>THE ALAMEDA SUPERIOR COURT OF CALIFORNIA and WARDEN MICHAEL MARTEL,<br><br>    Defendants.<br>                                       / | No. C 10-0888 PJH (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND TRANSFER** |

     This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a state prisoner. The complaint contains two distinct claims. One is that there were constitutional errors at plaintiff's trial which entitle plaintiff to release and damages, and the other that he has not received adequate medical care at Mule Valley State Prison.

**DISCUSSION**

**A.   Claims Going to Conviction**

     Plaintiff's request for release on grounds that there were constitutional violations at his trial cannot be presented in this civil rights action. It can be considered only when presented in a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The claim for release will be dismissed without prejudice.

     Plaintiff also asks for damages for the allegedly wrongful conviction. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*

When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487. It is clear from the complaint that the conviction has not been invalidated, so plaintiff has failed to state a claim for damages for his conviction under section 1983, and that claim must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

### B. Medical Care Claims

Plaintiff asserts that he has not received adequate care for a hernia. The acts complained of occurred at Mule Creek State Prison, which lies within the venue of the United States District Court for the Eastern District of California. The defendant on this claim, the warden of the prison, appears to reside there as well. Venue, therefore, properly lies in that district and not in this one. *See* 28 U.S.C. § 1391(b). The case, less the dismissed claims, will be transferred to the Eastern District.

### CONCLUSION

For the reasons set out above, plaintiff's claims going to his conviction are **DISMISSED** without prejudice. This case is **TRANSFERRED** to the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1406(a). In view of the transfer, the court will not rule upon plaintiff's request for leave to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated: March 19, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.10\JOHNSON0888.trn.wpd